B. D. HARTSFIELD v. F. B. PALBICKE (substituted for B. L. Barbee), FRED E. FENNO, and GEO. O. BUTLER, as Clerk, Circuit Court.

Two Cases.

155 So. 665.

Opinion Filed June 9, 1934.

210

*Beecham & Gaulden,* for Appellants ;
*A. L. Rankin* and *M. L. Esarey,* for Appellees.

Davis, C. J.—By motion accompanied by stipulation of the parties there is sought an order from this Court permitting the parties to have certified here the original Master's report and accompanying testimony, the purpose of the motion being to save the cost and inconvenience incident to copying the Master's report and testimony into a transcript of the record for use on this appeal. Sections 4610-4611 C. G. L., Chapter 12019, Acts 1927, are relied upon as authority for granting the motion.

Matters relating to the preparation of a transcript of the record for this Court, including a determination of what shall be incorporated into, or omitted from, such transcript as a basis for appeal or writ of error, are properly presented on motion addressed to this Court for its ruling, where doubt, uncertainty or dispute may exist as to whether or not a particular phase of the preparation of a transcript of the record shall be handled in a particular way according to the desire or views of one of the interested parties. So the present motion is properly before us for consideration, accompanied as it is by a proper showing of our jurisdiction to act on it because of an actually pending appeal to this Court.

Sections 4610-4611 C. G. L. are as follows:

"4610. Settlement of Bill of Exceptions in Form of Stenographer's Transcript; Narrative Form; Omissions. Where the evidence and other proceedings at the trial have been taken down stenographically the bill of exceptions may be made up and settled in the form of the stenographer's transcript thereof, or in narrative form with such questions and answers as may be necessary to an understanding of the evidence, but such part or parts thereof may be omitted as may be agreed upon by all the parties with the approval of the judge. The parties may also agree

as to the ultimate facts established by all or any part of the evidence. (Ch. 12019, Acts 1927, Sec. 1.)

"4611. Certification of Voluminous Printed Documents or Books for Inspection. Subject to the approval of the trial judge (or the chancellor in suits in equity) voluminous printed or written documents or books produced in evidence may be certified to the appellate court for its inspection as original exhibits in the manner now prescribed in Section 4626. In such cases it shall be unnecessary to copy such documents or books in the bill of exceptions or the transcript of record in common law causes or in the transcript of record in chancery causes. The documents or books shall be returned to the lower court after the final determination of the cause in the appellate court. (Id. Sec. 2.)"

Neither of these sections of our statutes is authority for permitting the bringing up to this Court in lieu of an appropriate transcript of the record thereof, any part of the original court record in the court below, such as the pleadings, a bill of exceptions, master's report, transcript of testimony, orders, decrees, etc. Each of these can be properly evidenced to this Court only by a certified transcript of the record thereof and each of them, can be considered in no other form.

Under Section 4610 C. G. L., *supra,* which we construe to be applicable to both law and equity cases, a stipulation of facts agreed to by the parties may be made to take the place of a complete copying of all the evidence in a chancery case, but where such stipulation of facts is relied on as a substitute for a copying into the transcript of the evidence as actually taken and filed in the court below, it must be first presented to the Chancellor and approved by him as a fair summarization of the facts necessary to a

proper consideration of the assignments of error and after being so approved, must be filed as a part of the record in the court below and brought to this Court by copying it into the certified transcript of the record as a part hereof. See Southerland v. Florida Nat. Bldg. Corp., decided at present term (opinion filed April 2, 1934).

. But the Supreme Court is a court of record. And the records upon which its judgments are required to be predicated must be of such character that they can be retained in the possession of the Clerk of this Court as a part of its archives for future reference. Therefore, it would be contrary to essential requirements of this Court for the preservation of a proper record of its proceedings to grant the motion now made, assuming that the Supreme Court would have the power to do so in any event in view of the constitutional requirement that the Supreme Court shall have its official sittings at the capital of the State, which constitutional requirement implies that its records shall be likewise there kept and preserved. The situation in the Supreme Court is unlike that prevailing on appeal from inferior courts to the Circuit Court where the original records are permitted to be certified up in lieu of a transcript but are at all times officially kept in the same court house in the same county whether under consideration by the inferior court or the Circuit Court on appeal.

To permit any part of the Circuit Court's original record to be brought up to this Court as a part of our own record on appeal would result in either the deprivation of the Circuit Court of a part of its records, or the deprivation of the Supreme Court of a part of its records, because the record so brought up would have to be either permanently kept at the capital in the Supreme Court's archives or certified back to the Circuit Court to be kept as part of its

archives. Exhibits, voluminous documents in the nature of exhibits, etc., are unlike a master's report with accompanying testimony, because the latter is a part of the record proper in a chancery case, and not merely an incident to such record as is an exhibit.

The motion is denied without prejudice to appropriate procedure for the preparation and filing in this Court of a legally certified transcript of the record, thirty days extra time being allowed therefor because of the time consumed in the consideration of this motion.

WHITFIELD, TERRELL and BUFORD, J. J., concur.